```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEVEN R. FRITSCH,<br><br>               Plaintiff,<br><br>    v.<br><br>THE F/V ANNA MARIE, <u>in</u> <u>rem</u>,<br>HOMER SMITH SEAFOOD, INC., and<br>TRAWLER "ANNA MARIE" INC.,<br><br>               Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>CIVIL NO. 05-3495 (JBS)<br><br>**OPINION** |

APPEARANCES:

Bernard James McShane, Esq.
CAPPIELLO, HOFMANN & KATZ
17 Academy Street
Suite 145
Newark, NJ 07102
    Attorney for Plaintiff

Andrew J. Goldstein, Esq.
GOLDSTEIN ISAACSON, P.C.
100 Morris Avenue
3rd Floor
Springfield, NJ 07081
    Attorney for Defendants

**SIMANDLE**, District Judge:

    On January 23, 2004, Plaintiff Stephen R. Fritsch, a North Carolina resident, was working as a deckhand aboard the F/V Anna Marie off the coast of Virginia when he was allegedly injured while operating the starboard winch.  Plaintiff, who alleges his injury was caused by a defect in the winch, filed this Complaint for damages under the Jones Act, 46 U.S.C. § 688, against Trawler Anna Marie, Inc. and Homer Smith Seafood, Inc., two North

Carolina corporations.

Defendants subsequently moved under Rule 12(b) of the Federal Rules to dismiss for lack of personal jurisdiction or, alternatively, to transfer the matter to the Eastern District of North Carolina. The Court heard oral argument on Tuesday, April 11, 2006. For the following reasons, the Court will grant Defendants' motion to transfer the matter to North Carolina.

**I.    PERSONAL JURISDICTION**

Initially, Defendants seek dismissal under Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction:

> Personal jurisdiction under the Due Process Clause depends upon the relationship among the defendant, the forum, and the litigation. Physical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant. Instead, the plaintiff must show that the defendant has purposefully directed its activities toward the residents of the forum state, or otherwise purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998) (internal citations omitted).[1] The plaintiff bears the

---

[1] Transfer to North Carolina may be appropriate regardless of whether venue is proper here or whether this Court has personal jurisdiction over Defendants. See Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539, 544 (3d Cir. 1985) (citing Reyno v. Piper Aircraft Co., 630 F.2d 149, 164-65 (3d Cir. 1980), rev'd on other grounds 454 U.S. 235 (1981), reh'q denied 455 U.S. 928 (1982)); Goldlawr v. Heiman, 369 U.S. 463, 466 (1962); 15 Charles Alan Wright, R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3827 (2d ed. 1986). Nonetheless, as Defendants have argued that the Court lacks personal jurisdiction, and because the Court's determination as to personal jurisdiction will govern

burden of demonstrating the facts that establish personal jurisdiction. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). "In reviewing a motion to dismiss under Rule 12(b)(2), [the court] must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Id. at 368 (citations and quotations omitted).

    A.    Facts Relating to Personal Jurisdiction

According to Defendants, an individual named Homer Smith owned the F/V Anna Marie until his death. Following Smith's death, in 1993 Defendant Trawler, Inc. ("Trawler") and Defendant Homer Smith Seafood, Inc. ("Homer") were incorporated in North Carolina.[2] According to Tony Frost, the Vice-President of both Defendant companies, the F/V Anna Marie, which is the only vessel owned by Trawler, has been owned by that company since it was incorporated in 1993. (Frost Aff. ¶ 10.) Moreover, Defendants maintain that Homer is a North Carolina business engaged in packing and selling fresh seafood exclusively in North Carolina. (Id. at ¶¶ 3-4.)

The parties dispute the extent, if any, of Defendants'

---

which provision – either 28 U.S.C. § 1404(a) or § 1406(a) – controls the transfer analysis, that issue will be discussed at the outset. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).

    [2]Apparently, though it was not incorporated until 1993, Homer Smith Seafood had been in existence for over 32 years. (Frost Aff. ¶ 1.)

contacts with New Jersey. The Court will resolve this dispute in favor of Plaintiff. According to Plaintiff's affidavit, he has been told by the Captain and crew of the F/V Anna Marie that the vessel fishes New Jersey waters 20 weeks a year.[3] (Pl. Aff. ¶ 3.) Plaintiff also maintains that he has been told by the Captain and crew that the vessel has a "day-scalloper's license" in New Jersey, requiring it to return to dock every 24 hours when fishing in New Jersey waters. (Id. at ¶ 5.) Moreover, when fishing in New Jersey, the crew of the vessel purchases supplies and necessities in Cape May at least once a week. (Id. at ¶ 7.) Finally, Plaintiff maintains that the Captain and crew of the vessel have told him that their catch is unloaded and sold at the docks in New Jersey at least once a day during their 20 week season in New Jersey.[4] (Id. at ¶¶ 8-9.) Defendants concede that

---

[3] The affidavit of James K. Lewis, Jr. is not to the contrary; it merely states that the F/V Anna Marie did not fish in New Jersey waters during the period from December 2003 through July 2, 2004. (Lewis Aff. ¶¶ 2, 6.) Moreover, because the Trawler's contacts with New Jersey extend beyond merely fishing New Jersey waters, to the extent that Defendants have submitted proofs that the vessel fished primarily in "the waters of the Exclusive Economic Zone," (Id. at ¶ 3,) that fact is not dispositive.

[4] Defendants challenge the admissibility of such "hearsay statements." (Def. Reply at 4.) Notwithstanding this objection, the Court will consider the statements. Statements by the Captain and crew are not hearsay under Rule 801(d)(2)(D) of the Federal Rules of Evidence as they are statements of the party's agent or servant concerning a matter within the scope of employment, offered by the opponent. While such statements are not conclusive, they form evidence of a prima facie case for the exercise of personal jurisdiction.

the F/V Anna Marie docks in New Jersey to sell its catch to a New Jersey customer.  (Frost Aff. ¶ 10.)

    B.   <u>Discussion of Personal Jurisdiction and Jurisdictional Discovery</u>

Accepting all of Plaintiff's allegations as true and construing disputed facts in favor of Plaintiff, as the Court must, the Court concludes that the owner of the F/V Anna Marie has had systematic and continuous contacts with this State, sufficient to warrant the exercise of personal jurisdiction in this District.  The Court finds that the owner of the F/V Anna Marie purposefully availed itself of the protections of New Jersey law during the tens of weeks each year that the vessel docked at New Jersey ports, steamed in New Jersey waters, and purchased goods and services from New Jersey businesses.  In fact, Defendants acknowledge that the F/V Anna Marie regularly docks in New Jersey to sell its catch to a New Jersey customer. (Frost Aff. ¶ 10.)  For these reasons, the Court holds that the owner of the F/V Anna Marie has had systematic and continuous contacts with New Jersey sufficient to establish general jurisdiction.

As already noted, though, Defendants maintain that the vessel is owned by Trawler, not by Homer.  Additionally, Defendants maintain that Homer has no contacts with New Jersey. Plaintiff has not offered any proofs suggesting otherwise, instead urging the Court to permit additional jurisdictional

discovery.

Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, Pinker, 292 F.3d at 368, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446 (3d Cir. 2003) (quoting Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997)). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992), the Court generally should permit Plaintiff to conduct jurisdictional discovery.

Here, Plaintiff's allegations bearing upon its request for jurisdictional discovery are contained in the following paragraph:

> Likewise, Defendants' [sic] have admitted that Homer Smith Seafood, Inc. and the F/V Anna Marie were once owned by Mr. Homer Smith. The dispute centers around the current relationship between Homer Smith Seafood, Inc. and the F/V Anna Marie.

(Pl. Opp. Br. at 9.)  Such factual allegations do not suggest "with reasonable particularity" the possible existence of the requisite contacts between the party and the forum state. Farino, 960 F.2d at 1223.  Moreover, counsel for Plaintiff was

6

unable at oral argument to proffer with the requisite specificity any further contacts between Homer and New Jersey.  Accordingly, the Court will decline Plaintiff's request for additional limited jurisdictional discovery.  However, as the matter will be transferred to the Eastern District of North Carolina in any event, see infra, the question of personal jurisdiction over Homer is not dispositive.

## II.   PROPRIETY OF VENUE

The Jones Act, which governs the venue issue here, provides, in pertinent part: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."  46 U.S.C. § 688. Although this provision is framed in terms of jurisdiction, the Supreme Court long ago held that it refers only to venue.  See Pure Oil Co. v. Suarez, 384 U.S. 202, 203 (1966) (citing Panama R. Co. v. Johnson, 264 U.S. 375, 384-85 (1924)).  The Court has also held that the definition of residence in the general venue statute applicable to corporations, 28 U.S.C. § 1391(c), is applicable to the Jones Act venue provision.  Suarez, 384 U.S. at 204.  Section 1391(c) provides: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

For reasons already explained, though the Court has personal

7

jurisdiction over Defendant Trawler, on the present record the same can not be said for Homer. Thus, venue is not proper as to both Defendants.

> In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court has a choice. One option is to transfer the entire case to another district that is proper for both defendants. Another alternative is to sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district.

Cottman Transmission Sys. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994) (transferring entire case where venue was proper only as to some of the parties) (citing In re Fine Paper Antitrust Litig., 685 F.2d 810, 819 (3d Cir. 1982); 15 Charles Alan Wright et al., Federal Practice & Procedure § 3827, at 275-76 (1986 & Supp. 1994)).

In Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 33-34 (3d Cir. 1993), the Third Circuit explained "that [the court] should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places." (Internal quotation omitted). "When the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion."

8

Martino, 36 F.3d at 296 (citing Sunbelt, 5 F.3d at 34).

Here, as explained below, this controversy has no connection to this State and, therefore, transfer is warranted to the Eastern District of North Carolina where venue is proper as to both Defendants.  Moreover, because Plaintiff alleges coordinate responsibility between the two Defendants, the Court should transfer the entire case rather than sever defendants.[5]

This case has no connection to the State of New Jersey: the parties, including Plaintiff, reside in North Carolina; most, if not all, fact witnesses, including the Captain and crew of the F/V Anna Marie, reside in North Carolina; the injuries allegedly sustained by Plaintiff occurred while fishing waters off of Virginia; Plaintiff has never fished in New Jersey waters or off the New Jersey coast while aboard the F/V Anna Marie; Plaintiff was treated for the injuries complained of by physicians in North Carolina.  In light of the connectedness of this case to North Carolina, the Court will give deference to the local interests in

---

[5] Under 28 U.S.C. § 1406(a), a district court, upon a motion or sua sponte, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice.  A district court has "broad discretion in deciding whether to order a transfer."  Decker v. Dyson, 2006 U.S. App. LEXIS 1272, at *7 n.3 (3d Cir. Jan. 19, 2006) (quoting Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987)).  Plaintiff here does not dispute that a district court in the Eastern District of North Carolina would have personal jurisdiction as to both Defendants and, thus, that this action might have been brought there.  This Court agrees that this case could have been brought in that judicial district.

deciding this local controversy at home.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-880 (3d Cir. 1995).  Accordingly, transfer of this entire case to North Carolina will be granted.

Plaintiff first argues that because most of the fact witnesses spend a substantial portion of the year at sea, New Jersey is no less convenient that North Carolina.  (Pl. Opp. Br. at 7.)  That argument is meritless as each of those individuals is from North Carolina.  Second, Plaintiff argues that "the F/V Anna Marie is in New Jersey a substantial portion of the year and will therefore be available for vessel inspection here."  (Pl. Br. at 7.)  While the Court does accept for present purposes that the F/V Anna Marie has in the past fished New Jersey waters for portions of the year, it is undisputed that the vessel did not fish off of New Jersey during the season Plaintiff was employed as a deckhand.  Moreover, Plaintiff has pointed to no evidence suggesting that the boat will be fishing these waters in the near future.  Accordingly, the Court is not convinced of the availability of the F/V Anna Marie for inspection here.  In any event, the Court finds that this single factor is outweighed by the inconvenience of this forum to the parties and the fact witnesses.

In short, the interests of justice support transfer of this

entire matter to the Eastern District of North Carolina.[6]

### III. CONCLUSION

For the reasons explained above, the Court will Order this matter transferred to the Eastern District of North Carolina.

**April 11, 2006**  
Date

**s/ Jerome B. Simandle**  
JEROME B. SIMANDLE  
U.S. District Judge

---

[6] Even if venue were proper as to both Defendants, transfer would still be warranted under 28 U.S.C. § 1404(a). That section provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As Sections 1404(a) and 1406(a) utilize "virtually identical language," see Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1982), for the reasons explained above, if venue here were proper, transfer would also be warranted under Section 1404(a).